GULOTTA, Judge.
Defendant-lessee, Motwane’s America, Inc., and its surety, Mike Motwani, appeal from a summary judgment[1] in favor of plaintiff-lessor for accelerated monthly rentals, attorney’s fees and costs. We affirm.
The parties had entered into a three year lease commencing on January 1, 1984 and terminating on December 31, 1987 at a rental of $3,000.00 per month. Plaintiff-lessor Mark Investments, Inc. alleges that on or before February 1, 1985, defendants “abandoned” the leased premises at 109 Royal Street, and have not paid the rent for February, 1985, or any month thereafter.
Although defendants do not dispute that they failed to pay the February rental and that they “ceased operations” in the leased premises, they contend that a fortuitous event as contemplated under LSA-C.C. Articles 1875 and 1877 prevented compliance with the lease and dissolved their obligations under the contract. According to defendants, the leased premises were to be used for the sale of “T-shirts, gifts and retail merchandise” and the city of New Orleans, in November, 1984, prohibited the sale of T-shirts from these premises, causing their business operations to cease. Defendants argue that had they known prior to the execution of the lease that T-shirts could not have been lawfully sold on the premises, they would not have entered into the lease.
The main question confronting this court is whether or not the City’s prohibition of the sale of T-shirts is a fortuitous event that would excuse defendants’ obligations under the lease.
LSA-C.C. Art. 1875 defines a fortuitous event as one “... that, at the time the contract was made, could not have been reasonably foreseen.” LSA-C.C. 1877 provides: “When a fortuitous event has made a party’s performance impossible in part, the court may reduce the other party’s counterperformance proportionally, or, according to the circumstances, may declare the contract dissolved.”
We have not been cited any cases nor have we found any treating these newly adopted Civil Code articles, LSA-C.C. Arts. 1873 et seq., which became effective on January 1,1985. However, a consideration of the earlier codal provisions from which the newly enacted articles are derived, is helpful in interpretating the meaning of “fortuitous event”. The newly adopted articles are incorporated in the Civil Code under the “Impossibility of Performance” section of the “Extinction of Obligations” chapter. According to the “Comments” and the “History and Text of Former Codes” entries under LSA-C.C. Art. 1873, *1189 the new provisions reproduce the substance of former codal articles, including LSA-C.C. Art. 1933(2) of the Louisiana Civil Code of 1870, which provided, in pertinent part: “Where, by a fortuitous event or irresistible force, the debtor is hindered from giving or doing what he has contracted to give or do or is from the same causes compelled to do what the contract bound him not to do, no damages can be recovered for the inexecution of the contract”.
Similarly, the comments under newly adopted LSA-C.C. 1875 point out that the new article “reproduces the substance” of LSA-C.C. Art. 3556(14) and 3556(15) of the Louisiana Civil Code of 1870, which provide as follows:
“(14) Force. — Force means the effect of power which can not be resisted.
Superior force. Those accidents are said to be caused by superior force, which human prudence can neither foresee nor prevent.
(15) Fortuitous Event. — Fortuitous event is that which happens by a cause which we can not resist.”
In Liquidation of Canal Bank & Trust Co., 211 La. 803, 30 So.2d 841 (1947), the Louisiana Supreme Court contemplated the meaning of “fortuitous event" or “irresistible force” within the framework of LSA-C.C. Art. 1933(2) (1870). In that case, following the national banking crisis of March, 1933, Canal Bank went into liquidation after federal authorities denied the bank a license to reopen pursuant to federal legislation prohibiting the transacting of business by member banks of the Federal Reserve System except under certain guidelines prescribed by the Secretary of the Treasury and approved by the President. In June, 1945, after a tableau of distribution for payment of the final balance owed depositors was filed, some of the depositors and their assignees filed an opposition on the grounds that they were entitled, in addition to the full amount of the deposits, to legal interest from the date the bank went into liquidation in 1933. Certain stockholders intervened, declaring that the bank had been placed in liquidation through “circumstances beyond the bank’s control”.
In ruling in favor of the depositors and rejecting the stockholders’ argument, the Supreme Court concluded that though the bank would have continued to operate absent the economic crisis, “the government had a right, under its police power and in the interest of the depositors ... to enact a law regulating the affairs of such banks” and that such actions did not “constitute ... an irresistible force or fortuitous event as ... contemplated by Article 1933_”
In the instant case, we are confronted with a similar situation, concerning the passage of municipal ordinances prohibiting defendant from selling T-shirts at the subject leased premises. Applying the rationale of Liquidation of Canal Bank & Trust Co., to the present case, we conclude that the City’s use of its police power in enacting an ordinance prohibiting the sale of T-shirts does not constitute a fortuitous event within the meaning of newly enacted LSA-C.C. Arts. 1873 et seq. that would excuse defendant’s obligations under the lease.
Furthermore, the lease provides for use of the premises for the sale of gifts and retail merchandise in addition to T-shirts. The prohibition imposed by the City on the sale of T-shirts does not infringe on defendant’s use of the premises for the other purposes as set forth in the lease.
We likewise reject defendant’s contention, under LSA-C.C. 2699, that an annulment of the lease may be obtained because the premises ceased to be fit for the purpose for which they were leased. The cited codal article contemplates a physical impairment that interferes with the habitability or use of the subject premises. It does not apply to circumstances of the instant case where the premises can still be let as a retail establishment.
Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.

. Pursuant to plaintiffs motion, an ex parte amended judgment was granted on May 29, 1985, changing the name Mike Motwani to Mike Motwani a/k/a Kishore V. Motwani.